Gjon GJOLAJ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–3853.

United States Court of Appeals, Sixth Circuit.

April 28, 2004.

Gjon Gjolaj, Hartland Township, MI, pro se.

Richard M. Evans, Nancy E. Friedman, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: COLE and COOK, Circuit Judges; and SPIEGEL, District Judge.*

## ORDER

Gjon Gjolaj, a native of Albania currently residing in Michigan, moves for pauper status and petitions pro se for review of an order of the Board of Immigration Appeals dismissing his appeal of an immigration judge's decision denying his claims for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Gjolaj was born in Albania in 1960. He paid to be smuggled into this country through Mexico in 2000, and then applied for the relief listed above. A hearing was held before an immigration judge (IJ), at which Gjolaj testified that his family had been persecuted under the Communist regime in Albania until it was overthrown in 1991. He reported having been tortured by the Communist secret police during that period, and being denied access to higher education. In 1991, he participated in a demonstration for democracy and witnessed two secret policemen who had previously interrogated him shooting into the crowd. In 1992, he testified about this incident and identified the policemen. He reported no problems under the Demo-

cratic party's rule, but in 1997, when the Socialist party won the national election, he testified that the two policemen he had testified against were reinstated to the secret police, and began to extort money from him to protect his bar business. He testified that he was arrested in 1999 and tortured for seven days until he signed a statement reneging his former testimony against the policemen. When he was released, he found that his car and his business had been destroyed in a fire. He then fled Albania for this country. His wife and two children remain in Albania, having moved to live with his in-laws.

The IJ entered an oral decision denying all of the relief requested. The IJ found that Gjolaj had not established persecution based on his political opinion, but rather only showed that he had been the victim of corrupt police. The IJ relied on the State Department's country report, in which it was reported that there were no verified incidents of political persecution. The Board of Immigration Appeals dismissed Gjolaj's appeal. In his brief before this court, Gjolaj reasserts his claims and argues that the IJ should not have admitted the country report which was only submitted on the date of the hearing, and that his requests for withholding of removal and relief under the CAT were not specifically addressed.

▪ In order to establish eligibility for the relief of asylum, an alien must demonstrate that he is a refugee who suffered past persecution or has a well-founded fear of future persecution on the ground of race, religion, ethnicity, political opinion, or membership in a social group. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112

---

* The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

S.Ct. 812, 117 L.Ed.2d 38 (1992). In order for this court to grant a petition for review of an order denying asylum, the evidence must be so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *Id.* at 483–84. Upon careful consideration, we conclude that the evidence in this case does not meet that standard.

Substantial evidence supports the finding that the mistreatment Gjolaj received was not based on his political opinion, but that he was the victim of two corrupt policemen who extorted payment from Gjolaj and sought to have him renege his testimony against them seven years earlier. Gjolaj did not show that he could not have avoided this mistreatment by relocating to another part of the country, *Bhatt v. Reno,* 172 F.3d 978, 982 (7th Cir.1999), as his family appears to have done successfully. *Gumbol v. INS,* 815 F.2d 406, 413 (6th Cir.1987).

The specific arguments raised by Gjolaj in his brief are also without merit. The IJ properly accepted the most recent country report as relevant to the issue of whether political retribution is a current problem in Albania. Gjolaj's claims for withholding of removal and relief under the CAT did not need to be addressed more thoroughly, because failure to satisfy the burden of establishing eligibility for asylum necessarily means that he failed to meet the greater burden for withholding of removal, *INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984), and failed to show that it is more likely than not that he will be tortured if he returns to Albania. *Efe v. Ashcroft,* 293 F.3d 899, 907 (5th Cir.2002).

Accordingly, the motion for pauper status is granted for purposes of this appeal, and the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.